IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DOROTHY ANN NIETO,

    Plaintiff,

v.   No. 1:25-cv-00340-KG-GBW

DIANE BUSTAMONTE et al.,

    Defendants.

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

*Pro se* Plaintiff filed her Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983."  Doc. 1, filed April 7, 2025 ("Complaint"). The Complaint contains allegations regarding: (i) "My son passed away at [Defendant Diane Bustamonte's] home . . . OMI report stated it was a suicide. Diane B. told me her and her daughters and friends killed my son electronically;" (ii) "I get death threats;" (iii) "My phone and possibly other family members['] phones are tapped;" (iv) "I can[']t get an apartment;" (v) "These people are sex offenders and are not registered. going into homes and human trafficking;" (vi) "This man is insane [Defendant] Lenny Burkes.  This Lenny Burkes is a drug lord . . . He thinks everyone has to do what he says or else death!;" and (vii) "Putting stuff in my veins to give rare blood disease." Complaint at 2-5.

    Chief United States Magistrate Judge Gregory B. Wormuth notified Plaintiff:

> The Complaint fails to state a civil rights claim pursuant to 42 U.S.C. § 1983. "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016).  The Complaint does not contain any factual allegations showing that Defendants deprived Plaintiff of any federally protected rights or that Defendants were acting under color of state law.

Order for Amended Complaint at 3, Doc. 6, filed April 9, 2025.  Judge Wormuth ordered Plaintiff to file an amended complaint and notified Plaintiff that failure to timely file an amended complaint may result in dismissal of this case.  *See* Order for Amended Complaint at 6.  Plaintiff did not file an amended complaint by the April 30, 2025, deadline.

The Court dismisses Plaintiff's civil rights claims pursuant to 42 U.S.C. § 1983 for failure to state a claim.  The Court, having dismissed Plaintiff's federal law claims, declines to exercise supplemental jurisdiction over Plaintiff's state law claims and dismisses this case.  *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial").

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

/s/ KENNETH J. GONZALES[1]
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.